IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KEVIN W. DUNIGAN,

    Petitioner,     No. CIV S-08-1371-LKK-GGH P

    vs.

THE SUPERIOR COURT OF
SACRAMENTO COUNTY, et al.,     ORDER

    Respondents.

_____/

    On August 21, 2008, this court dismissed petitioner's application for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, for petitioner's failure to exhaust state court remedies, and judgment was thereon entered. Thereafter, petitioner filed a document entitled "petition for writ of error (coram nobis) motion to vacate judgement [sic] 28 U.S.C. § 2254," which the court construes as a motion pursuant to Fed. R. Civ. P. 60(b).

    Under Rule 60(b), a party may seek relief from judgment and to re-open his case in limited circumstances, "including fraud, mistake, and newly discovered evidence." Gonzalez v. Crosby, 545 U.S. 524, 528, 125 S. Ct. 2641, 2645-46 (2005). Rule 60(b) provides in relevant part:

    On motion and upon such terms as are just, the court may relieve a

party ... from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud ..., misrepresentation, or misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken.

The court has reviewed petitioner's motion and finds that petitioner has added nothing new or substantive that was not previously before the undersigned, nor does he demonstrate any basis for the court to find that the judgment was mistaken, i.e., that petitioner has, in fact, exhausted his state court remedies. Instead, petitioner appears to be offering the same rationale for failing to exhaust as he did in his objections to the July 23, 2008, Findings and Recommendations, subsequently adopted by this court. Thus, petitioner's motion will be denied.

Accordingly, IT IS HEREBY ORDERED that petitioner's motion to vacate the judgment, filed on September 4, 2008 (Docket # 16), is denied.

DATED: December 23, 2008.

_____
LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT